# PORTLAND GOLF CLUB, INC. v. COMMISSION

Samuel B. Stewart, Portland, Oregon, represented the plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, Oregon, represented the defendant.

Decision for plaintiff rendered January 30, 1969.

EDWARD H. HOWELL, Judge.

This case involves the valuation of the Portland Golf Club as of January 1, 1967. The only issue is the true cash value of the land which consists of 112.72 acres. The land improvements valued at $241,000 and the building improvements valued at $383,000 are not contested. The Washington County Department of Revenue & Taxation determined the true cash value of the land to be $451,000. This value was affirmed on plaintiff's appeal to the commission.

The county appraiser who made the initial appraisal of plaintiff's property testified that he first determined that the highest and best use of plaintiff's land, like all other golf course lands in Washington County, was for a golf course. For golf courses other than plaintiff's he arrived at the fair market value of

the land by using the cost of acquisition of the land. However, instead of comparing plaintiff's land with land of other golf courses he valued it on the basis of the fair market value of residential lots near the subject property. By this method he arrived at a true cash value of $4,000 per acre for a total of $450,880 on the 112.72 acres.

The independent appraiser for the defendant also testified that the highest and best use of the property was for a private golf club. He believed that the land was in a state of transition and that the present highest and best use could change to an alternate land use. Using the cost approach he considered sales of other land in the general area of plaintiff's property. Some of the land involved in these sales was for the construction of a hospital, a duplex type development and high density apartments. The land around the subject property is presently zoned single family residential and any change of use would require a zone change which might or might not be allowed. This witness, after making some adjustments to the value of the land because of occasional flooding, arrived at a true cash value of $882,000 for the subject property as of January 1, 1967.

The appraiser who testified as an expert witness for the plaintiff also found the highest and best use of the property to be a golf course. He used the market data approach to true cash value. A study was made of the per acre price paid for golf course land in an area within approximately 60 miles of Portland. The fourteen sales used in the study occurred between 1954 and 1966 and ranged from $150 to $1,950 per acre. The witness gave additional consideration to the location of the Portland Golf Club and arrived at a land value of

$2,000 per acre for a total of $232,800 as the fair market value of the land.

In general the evidence showed some variation in the methods used to find the true cash value of golf courses in the Willamette Valley area. However, it is evident that the appraisal of golf courses is not without its problems. In many instances the golf course is the focal point for surrounding residential development. The development of the golf course increases the value of the surrounding residential land, but if the golf course were eliminated it is probable that the value of the surrounding land would be decreased.

■ As mentioned, the plaintiff's expert witness testified that he gave consideration to the location of plaintiff's golf course in arriving at his value of $2,000 per acre. It is true that the subject property is located in a densely populated and rapidly growing area in Washington County and that its location is an important factor in determining the value. Its location would appear to be in a more expanding and favorable area than the fourteen golf courses considered in his study. Giving additional consideration to the favorable location it is this court's conclusion that the fair market value of the land involved in this appeal should be $308,000 as of January 1, 1967.